**Hector CASTRO, Appellant**

v.

**The STATE of Texas.**

**No. PD–1635–06.**

Court of Criminal Appeals of Texas.

June 27, 2007.

Tim Copeland, Abilene, for Appellant.

Lisa McMinn, Assistant State's Atty., Matthew Paul, State's Atty., Austin, for State.

### OPINION

MEYERS, J., delivered the opinion for a unanimous Court.

Appellant was charged with manufacture of methamphetamine. Prior to trial, he filed a motion to suppress evidence, which the trial court denied. Appellant pleaded guilty and was sentenced to 60 years' imprisonment and a $1000 fine. Appellant appealed the trial court's denial of his motion to suppress evidence and the court of appeals reversed the conviction. *Castro v. State,* 202 S.W.3d 348 (Tex.App.-Ft. Worth 2006). We granted the State's petition for discretionary review to determine whether the court of appeals failed to defer to the trial court's implied fact findings, and whether a statement that a suspect failed to signal a lane change is a subjective conclusion or an objective fact. We hold that failure to signal a lane change is an objective determination, and the court of appeals erred in failing to

defer to the trial court's ruling. We reverse the judgment of the court of appeals.

## FACTS

Deputy Bailey, a Young County Narcotics Task Force Officer, was called to a house to investigate a suspected drug lab. Because Appellant was the primary suspect, Deputy Bailey asked Olney police officers to be on the lookout for Appellant. An Olney police officer called Deputy Bailey and told him that Appellant was a passenger in a car that had been pulled over. Deputy Bailey went to the scene of the traffic stop and was informed that the driver had been pulled over for failure to signal a lane change.[1] Appellant was in the backseat of the car, crouched down with a jacket over his head. Officers observed, on the front floorboard of the car, a black bag that had been seen earlier at the suspected drug lab. Deputy Bailey searched the bag and found narcotics. Appellant was then arrested.

He filed a motion to suppress the evidence found in the car, alleging that the initial traffic stop was unlawful. At the suppression hearing, Deputy Bailey was the only witness. The following is the testimony related to the stop:

> [DEFENSE] And it's your testimony that the stop was made because of information that you had given to the Olney Police Department?
>
> [WITNESS] No, sir, not the reason for the stop.
>
> [DEFENSE] What was the reason for the stop?

[WITNESS] I was told the reason for the stop was failure to signal a lane change.

[DEFENSE] And is it your testimony today before this court that any failure to signal a lane change is a violation of the law?

[WITNESS] Within a hundred feet before turning.

[DEFENSE] But you were not there to see if they were turning or not. Correct?

[WITNESS] No, sir.

[DEFENSE] So you don't know what the circumstances were as far as the driver's signaling and what the drive[r] was doing. Correct?

[WITNESS] Right.

[DEFENSE] So is it your testimony here today that failure to signal a lane change is a violation of the law in all circumstances?

[WITNESS] No, sir. I was just told that was the reason the car was stopped.

[DEFENSE] So there could be circumstances where it would be legitimate for an officer to stop and arrest somebody for not signaling a lane change. Correct?

[WITNESS] Yes, sir.

[DEFENSE] And there would be circumstances where it would not be lawful for the officer to arrest the person for not signaling a lane change. Correct?

[WITNESS] It would be kind of a situational type.

[DEFENSE] And you don't know the situation?

---

1. Texas Transportation Code section 545.104 states that:

 (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

 (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

[WITNESS] Well, when you're changing and like that shoulder is marked, it has a line there, it's marked, and when you're going to change lanes you should give a signal.

[DEFENSE] But you weren't there. You don't know what the circumstances were as to what actually happened. Correct?

[WITNESS] No, sir.

[DEFENSE] And it's your testimony that not every failure to signal a lane change would result in probable cause to arrest somebody. Correct?

[WITNESS] Possibly.

[DEFENSE] Do you know?

[WITNESS] It depends on the situation.

The trial court did not file findings of fact or make an explicit ruling. However, the court clearly denied the motion, stating to Appellant at his plea hearing, "I'm relatively sure that you're going to appeal the Court's ruling on the Motion to Suppress, so for purposes of the record, you do have the Court's consent to appeal that decision." Appellant appealed the trial court's denial of his motion to suppress.

The court of appeals reviewed *de novo* whether the search was reasonable, giving deference to the trial court's implicit findings of fact that are supported by the record. The court pointed out that the officer who observed the traffic violation did not testify, and Deputy Bailey's testimony did not include any specific details regarding the stop. *Castro,* 202 S.W.3d at 356. The court presumed that the traffic violation about which Deputy Bailey testified was either a failure to signal when changing lanes or a failure to signal within one hundred feet of turning. *Id.* at 357. Citing our holding in *Ford v. State,* 158 S.W.3d 488 (Tex.Crim.App.2005), the court of appeals determined that the record did not contain sufficient objective facts to support a finding of reasonable suspicion.

*Castro,* 202 S.W.3d at 358. The court of appeals held that the trial court abused its discretion in denying the motion to suppress and reversed the decision of the trial court. *Id.* at 359.

## ARGUMENTS OF THE PARTIES

The State argues that, by characterizing Deputy Bailey's testimony that the driver failed to signal a lane change as ambiguous, subjective, and conclusory, the court of appeals failed to view the record in the light most favorable to the trial court's implicit findings. The State also argues that the court of appeals misconstrued *Ford* and improperly considered whether the driver failed to signal within one hundred feet of turning when there was no testimony that the driver committed any offense relating to a turn as opposed to a lane change. The State points out that failing to signal a lane change is a violation that is not ambiguous or subject to different interpretations, but the court read ambiguity into the testimony and speculated about an alternative reason for the stop, thereby failing to give proper deference to the trial court's implied finding. Additionally, the State contends that the implied finding that the driver was stopped for changing lanes without signaling is supported by the record. The State points out the differences between the offense in *Ford,* following too closely, and the offense of failing to signal a lane change, stating that the testimony in *Ford* was an opinion or a judgment call based on the officer's observations about the vehicle's speed, the amount of traffic, and the road conditions, while whether a driver has signaled a lane change is not a matter of opinion or a judgment call. Additionally, unlike the statute prohibiting following too closely, there is no subjectivity built into the statute regarding changing lanes without signaling.

Appellant states that the only issue presented here is whether *Ford* applies to this case. He contends that *Ford* held that testimony that is conclusory in nature is not sufficient and that it requires specific, articulable facts for the State to establish the reasonableness of a stop. The trial court's implicit findings of fact are entitled to deference only if they are supported by the record. And, sufficiently reliable information to constitute reasonable suspicion is supported by the record only when the record contains testimony including specific, articulable facts that would lead the officer to reasonably conclude that a person engaged in criminal activity. Appellant states that *Ford* requires that the record upon which the trial court based its decision in denying a motion to suppress include facts of such specific nature as to allow an appellate court to determine the circumstances upon which an officer could reasonably conclude that a suspect was actually engaging in criminal activity, or had been, or soon would be. He argues that the officer who testified was unable to provide sufficient facts about the alleged violation to support the trial court's implied finding. Appellant states that the fact that the testimony was hearsay is not the problem, rather it is the insufficiency of the testimony presented by an officer who did not observe the violation. Finally, Appellant argues that *Ford* applies regardless of the nature of the offense on which the stop is based because the trial judge must make an independent assessment of the reasonableness of police action in all stop cases. While more detail may be required to support an implied finding that an officer had grounds to stop for following too closely than to support a finding that an officer had grounds to stop for an unsignaled lane change, both findings must be based on specific, articulable facts found in the record.

## ANALYSIS

 When the police conduct a warrantless search and seizure, the burden is on the State to show that the officer had reasonable suspicion to believe that an individual was violating the law. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim.App.2001). A reasonable-suspicion determination is made by considering the totality of the circumstances, giving almost total deference to the trial court's determination of historical facts and reviewing *de novo* the trial court's application of the law to facts not turning on credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Because the trial court did not make explicit findings of fact in this case, we review the evidence in a light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002).

In *Ford*, we considered whether a trial court erred in denying a motion to suppress evidence based on the officer's statement that he observed the driver violate the statute prohibiting following too closely. *See* TEX. TRANSP. CODE § 545.062(a). The officer did not give any basis for this opinion, such as the approximate distance between the cars, the speed at which they were traveling, the conditions of the road, traffic conditions, or whether the driver would have been able to safely stop if necessary. Discussing the officer's opinion that Ford committed a traffic violation, we stated:

> [W]ithout specific, articulable facts, a court has no means in assessing whether

this opinion was objectively reasonable. When a trial court is not presented with such facts, the detention cannot be subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances. And when such a stop is not based on objective criteria, the risk of arbitrary and abusive police practices exceeds tolerable limits. Allowing a police officer's opinion to suffice in specific facts' stead eviscerates *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889]'s reasonable suspicion protection. If this Court were to hold as the dissent suggests, we would be removing the "reasonable" from reasonable suspicion.[2] Therefore, we adhere to the principle that specific, articulable facts are required to provide a basis for finding reasonable suspicion. Mere opinions are ineffective substitutes for specific, articulable facts in a reasonable-suspicion analysis.

*Ford*, 158 S.W.3d at 493 (citations omitted).

■■■■ The statute at issue in *Ford*, Transportation Code Section 545.062(a), lists factors to consider to determine whether a car is following too closely, including the speed of the vehicles, traffic, the conditions of the highway, and whether the driver could safely stop. Therefore, the statute makes the assessment of that violation a subjective determination. That is not the case here. Either a driver

signals when changing lanes or he does not.[3] Probable cause can be established by objective facts or subjective opinions. In the case of subjective opinions, we follow our holding in *Ford*, that the officer must give specific, articulable observations to support his opinion. We acknowledge the difference between a conclusory statement and specific, articulable facts. However, in cases involving offenses such as failure to signal a lane change, a court can determine whether an officer's determination that a driver committed a traffic violation was objectively reasonable without being presented with a detailed account of the officer's observations. We agree with *Ford* that opinions are not an effective substitute for specific, articulable facts in a reasonable-suspicion analysis when the nature of the offense requires an officer to make a subjective determination. *Ford*, 158 S.W.3d at 493. Following too closely, speeding, and being intoxicated, can be examples of such subjective determinations. Failure to signal a lane change is not. Therefore, the court of appeals misapplied *Ford*.

The determination of whether a driver signaled a lane change is a simple one. The only two possibilities in this case are: either the trial judge believed Deputy Bailey's testimony that another officer observed the driver change lanes without signaling, or the trial judge did not believe that the driver was observed changing lanes without signaling. Based on the denial of the motion to suppress the evidence, it is clear that the judge believed

---

**2.** The dissent in *Ford* suggests that the type of testimony at issue in that case was an opinion based on the witness' perception, which should be governed by Rule of Evidence 701. Rule 701 states that, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understand-

ing of the witness' testimony or the determination of a fact in issue." *See Ford*, 158 S.W.3d at 496–97 (Keller, P.J., dissenting).

**3.** We acknowledge that a situation involving hand signals may require more of a subjective determination by an officer. However, as we have stated, there is no indication that hand signals were involved in this case.

the testimony that was presented. The trial judge was in the best position to observe the credibility and demeanor of the witness, and it was not unreasonable for the trial judge to credit Deputy Bailey's testimony and conclude that the driver was stopped for a traffic violation. The court of appeals implies that the officer's use of the term "vehicle" was insufficient to determine whether the driver was required to have electric turn-signal lamps or if he was permitted to use hand signals to indicate a turn or lane change. *Castro,* 202 S.W.3d at 357. However, it was not unreasonable for the trial court to assume that "vehicle" and "signal" had their most common meanings, and that the vehicle in question was one that had electric turn-signal lamps that the driver failed to use.

The court of appeals says that the officer's cursory testimony reflects that the alleged traffic violation could be either failure to signal within one hundred feet of turning or failure to signal a lane change. As we stated above, considering the evidence in the light most favorable to the trial court's ruling, the denial of the motion to suppress would indicate that the trial court believed that the officer gave sufficient information that the driver failed to signal a lane change. The trial judge decides what to believe and what information to disregard, and he obviously disregarded the superfluous information that Deputy Bailey mentioned regarding signaling within one hundred feet before turning. The trial court also could have concluded that the information regarding the stop was not specific enough to determine whether it was reasonable and granted the motion to suppress. It was within the trial court's discretion to believe or disbelieve the testimony and use it as a basis for the ruling on the motion to suppress. The trial court chose to believe the testimony. The court of appeals erred in failing to defer to the trial court's reasonable ruling.

We also disagree with the court of appeals' implication that only the officer who actually observed the traffic violation can testify. *Castro,* 202 S.W.3d at 359, note 10. Hearsay information is sufficient to support a fact or an opinion at a suppression hearing. *Granados v. State,* 85 S.W.3d 217 (Tex.Crim.App.2002). While the officer who observed the traffic violation may be able to give more specific details regarding the reason for the stop, as we have stated, in the case of offenses requiring only an objective determination of whether the offense was indeed committed, the court does not need to know the subjective details of the stop from the officer's standpoint in order to find that the stop was reasonable.

Finally, we note that this issue is less likely to occur in the future due to our decision last year in *State v. Cullen,* 195 S.W.3d 696 (Tex.Crim.App.2006), in which we held that, upon request by the losing party in a motion to suppress evidence, a trial judge must enter findings of fact and conclusions of law so that the appellate courts can better review the decision of the trial court without speculating about the reasons for the trial court's decision.

## CONCLUSION

The court of appeals failed to defer to the trial court's implied findings of fact and improperly extended *Ford* to statutes involving violations that are not based on an officer's subjective opinion. The judgment of the court of appeals is reversed.