IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 959-08






ANTHONY DEWAYNE CULLUM, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


GREGG COUNTY





 Meyers, J., filed a dissenting statement in which Price and Cochran,
JJ., joined.


STATEMENT DISSENTING TO THE REFUSAL OF PETITION FOR
DISCRETIONARY REVIEW


 Appellant, Anthony Dewayne Cullum, presented two grounds for review, both of
which addressed whether an officer had reasonable suspicion to perform a traffic stop
prompted only by the sound of spinning tires. To explore this issue, I would have granted
Appellant's Petition for Discretionary Review. Therefore, I respectfully dissent to the
refusal of Appellant's petition to the Court. 

I. FACTS

 Officer Harry Clark was working DWI enforcement when he "heard a loud
screeching noise" lasting "approximately three seconds" at an intersection, and he
identified Appellant's car as the source of the noise. Officer Clark initiated a traffic stop,
believing that Appellant had violated section 545.402 of the Texas Transportation Code,
which states: "An operator may not begin movement of a stopped, standing, or parked
vehicle unless the movement can be made safely." (1) Tex. Transp. Code Ann. § 545.402
(Vernon 1999). Officer Clark asked Appellant to explain why his tires were spinning at
the intersection, and Appellant responded that it was an accident.

 Officer Clark issued a traffic ticket and completed a DWI investigation. Appellant
was charged with driving while intoxicated. He filed a motion to suppress, arguing that
Officer Clark "lacked a reasonable, articulate suspicion" for the detention. The trial court
denied the motion to suppress. Appellant pleaded guilty and the court sentenced him to
one year of confinement, which the court probated for eighteen months, and an $800 fine. 
Appellant appealed to the Twelfth Court of Appeals, again arguing that Officer Clark did
not have reasonable suspicion to perform the traffic stop. Cullum v. State, No. 12-07-00269-CR, 2008 Tex. App. LEXIS 4193 (Tex. App.-Tyler June 11, 2008, pet. ref'd)
(mem. op., not designated for publication). The court of appeals affirmed. Id. 

II. REASONABLE SUSPICION

 The issue is whether there was reasonable suspicion for Officer Clark to perform
the traffic stop. To stop and temporarily detain a person, an officer must have specific,
articulable facts that, when combined with rational inferences from those facts, would
lead him to reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity. Terry v. Ohio, 392 U.S. 1, 21 (1968); Castro v. State, 227
S.W.3d 737, 741 (Tex. Crim. App. 2007). To assess the presence of reasonable
suspicion, the facts are judged by an objective standard: whether, given the facts available
to the officer, a reasonably cautious person would believe that the action taken was
appropriate. Terry, 392 U.S. at 21-22; Griffin v. State, 215 S.W.3d 403, 409 (Tex. Crim.
App. 2006). The facts must amount to more than a mere hunch or suspicion. Terry, 392
U.S. at 22; Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).

III. WHETHER THE FACTS AMOUNTED TO MORE THAN A MERE
HUNCH

 Officer Clark testified that his only reason for initiating a traffic stop was to
respond to the squealing tires, which had indicated a violation of section 545.402. It
remains unclear whether the three-second sound of spinning tires gave Officer Clark a
mere hunch, or the requisite reasonable suspicion to perform the traffic stop. Any number
of mechanical and environmental factors could cause tires to spin for three seconds, so it
might not have been reasonable for Officer Clark to conclude, based solely on that sound,
that Appellant had been engaged in criminal activity. (2) 

IV. WHETHER OFFICER CLARK REASONABLY CONCLUDED THAT
APPELLANT VIOLATED SECTION 545.402

 In addition to doubting whether three seconds of squealing provoked anything
more than a mere hunch, I question the reasonableness of Officer Clark's conclusion that
Appellant had violated section 545.402. Our Court has yet to consider reasonable
suspicion within the context of this statute, and this further supports my belief that review
should have been granted. Tex. R. App. P. 66.3(b). 

 First, section 545.402 forbids unsafe movement, and yet Officer Clark testified that
he did not see any unsafe driving. § 545.402. Second, it seems apparent that Officer
Clark lacked any basis to cite Appellant based upon a legitimate violation of section
545.402 since he did not witness the initial movement of the car. His concern would have
been better served by following Appellant to possibly view an observable violation or to
determine whether he needed to perform a community care-taking function. An objective
consideration of the facts available to Officer Clark suggests that it could have been
unreasonable for him to conclude that Appellant had violated section 545.402, given the
fact that he did not observe unsafe driving or the car's initial movement.

V. CONCLUSION

 While this appeal is unique since it involves sound as the basis for reasonable
suspicion, the issue is not totally isolated to squealing tires. Other cases could involve the
sound of gunfire, screams of victims, loud music, engine noise, hammering on wood or
steel, collision noise, and so on. A novel approach could also involve reasonable
suspicion where there has been the absence of noise in certain situations.

 Due to these unresolved questions, I respectfully dissent to the refusal of
Appellant's Petition for Discretionary Review. 

 

 Meyers, J.




Filed: November 19, 2008

Publish

1. Unless otherwise specified, all future references to sections refer to the Texas
Transportation Code.
2. I acknowledge that this Court does not employ an "as consistent with innocent activity as
with criminal activity" test for determining reasonable suspicion; but, the variety of explanations
for a three-second tire spin affects the determination of whether a reasonably cautious person
would believe that the action taken by the officer was appropriate. Curtis v. State, 238 S.W.3d
376, 379 (Tex. Crim. App. 2007).