In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00500-CR


____________________



TROY DWAYNE DOOLAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 05-208733






MEMORANDUM OPINION


 After denying a motion to suppress, the trial court accepted Troy Dwayne Doolan's
guilty plea and convicted Doolan of driving while intoxicated. The trial court sentenced
Doolan to 180 days of confinement in jail, then suspended the sentence and placed Doolan
on community supervision for one year. Doolan appeals the denial of his pre-trial motion
to suppress. In a single issue, Doolan contends the trial court erred in denying his motion
to suppress because the evidence adduced at the hearing shows he did not commit a traffic
offense. We affirm the judgment.

 For a traffic stop to be valid, the officer must have reasonable suspicion of a
violation. In Castro v. State, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007), the court
stated:

 When the police conduct a warrantless search and seizure, the burden is on
the State to show that the officer had reasonable suspicion to believe that an
individual was violating the law. Reasonable suspicion exists if the officer
has specific, articulable facts that, when combined with rational inferences
from those facts, would lead him to reasonably conclude that a particular
person actually is, has been, or soon will be engaged in criminal activity. 
Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). A
reasonable-suspicion determination is made by considering the totality of the
circumstances, giving almost total deference to the trial court's determination
of historical facts and reviewing de novo the trial court's application of the
law to facts not turning on credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the trial court did not
make explicit findings of fact in this case, we review the evidence in a light
most favorable to the trial court's ruling and assume that the trial court made
implicit findings of fact supported by the record. Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002).


 Doolan argues that section 545.058(a)(7) of the Texas Transportation Code applies
because he drove on the shoulder when his cell phone rang, thus avoiding a potential
collision. See Tex. Transp. Code Ann. § 545.058 (a)(7) (Vernon 1999) ("An operator
may drive on an improved shoulder to the right of the main traveled portion of a roadway
if that operation is necessary and may be done safely, but only . . . to avoid a collision."). 
 A trooper with the Texas Department of Public Safety testified that he conducted a traffic
stop after observing Doolan driving on an improved shoulder. See id. § 545.058. (1)
 While
on the shoulder, Doolan drove approximately one-quarter mile. When the trooper
observed the vehicle moving on the shoulder, it did not appear to be stopping, standing,
or parking. Doolan did not appear to be accelerating to enter the main travel lane of
traffic, nor did he appear to be decelerating to make a right turn. There were two travel
lanes, and Doolan did not need to pull onto the shoulder for a vehicle to pass him. There
was no imminent collision he needed to avoid. In addition, the trooper testified that
Doolan's license plate was partially obscured. See Act of May 28, 2003, 78th Leg., R.S.,
ch. 837, 2003 Tex. Gen. Laws 2625 (amended 2007) (see Tex. Transp. Code Ann. §
502.409 (Vernon Supp. 2008)). During the investigation, Doolan explained that he was
answering his cell phone. 

 On appeal, Doolan suggests that the officer actually stopped the vehicle for the
license plate violation and considered the other violation as an afterthought. The trial court
could properly disregard the officer's subjective intent for making the stop. Ford v. State,
158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005). Doolan also claims the video of the
traffic stop does not show him driving on the shoulder and does not show the trooper
telling Doolan that he had been stopped for driving on the shoulder. The trooper testified
that Doolan drove on the shoulder for one-quarter mile and the video does not conclusively
disprove that testimony. The trooper's dashboard video-recorder shows Doolan driving
on the shoulder for approximately thirty seconds before stopping, and the trooper notes his
concern about Doolan driving on the shoulder of the road immediately after the trooper
mentions the partially obscured license plate. 

 The trooper testified that he observed an apparent violation of the Texas
Transportation Code. He also testified that he did not observe any of the circumstances
under which Doolan could drive on the shoulder legally. The trial court was free to
believe the officer's testimony. Castro, 227 S.W.3d at 742-43. Because none of the
exceptions to the prohibited conduct of driving on an improved shoulder were evident from
the point of view of the officer in his patrol car, the officer could form a reasonable
suspicion that a traffic violation was in progress. The evidence from the suppression
hearing demonstrates the objective, articulable facts that lead the officer to reasonably
suspect the driver of the vehicle was violating the law. See Garcia, 43 S.W.3d at 530. 
Thus, the initial detention was justified.

 On appeal, Doolan suggests that once he informed the officer that he had moved to
the shoulder because his wife called, continued detention was unjustified. Only the validity
of the initial detention was challenged in the suppression hearing and Doolan did not
challenge the continued detention in the trial court. Nonetheless, the evidence developed
in the hearing demonstrates that the continued detention occurred because the officer
formed a reasonable suspicion that Doolan was intoxicated. On the video, Doolan
mentions he received a call. The trooper checks Doolan's license, then shines a flashlight
in Doolan's car. The trooper mentions beer in the car and begins field sobriety tests
approximately two minutes after Doolan first mentions his phone call. Continued detention
is justified when in the course of a valid traffic detention the officer develops reasonable
suspicion of a crime. Kothe v. State, 152 S.W.3d 54, 66 (Tex. Crim. App. 2004). We
overrule the issue and affirm the judgment.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008

Opinion Delivered February 4, 2009

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. § 545.058. Driving on Improved Shoulder


 (a) An operator may drive on an improved shoulder to the right of the main traveled
portion of a roadway if that operation is necessary and may be done safely, but only:


 (1) to stop, stand, or park;

 (2) to accelerate before entering the main traveled lane of traffic;

 (3) to decelerate before making a right turn;

 (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

 (5) to allow another vehicle traveling faster to pass;

 (6) as permitted or required by an official traffic-control device; or

 (7) to avoid a collision.