**Reversed and Remanded, and Majority and Dissenting Opinions on Remand filed December 18, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00500-CR
_____

**JOSEPH DELAFUENTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Waller County, Texas**
**Trial Court Cause No. CC09-704**

## OPINION ON REMAND

Appellant Joseph Delafuente was charged with Class B misdemeanor possession of marijuana. *See* Tex. Health & Safety Code § 481.121. Appellant filed a motion to suppress, alleging that the evidence against him was obtained during a traffic stop initiated without probable cause or reasonable suspicion. The trial court denied appellant's motion. In our original opinion, we found no specific, articulable facts in the record that would support reasonable suspicion for the traffic stop. The Court of Criminal Appeals vacated our judgment and remanded the case so that we may consider the effect, if any, of

*State v. Mendoza*, 365 S.W.3d 666 (Tex. Crim. App. 2012), on our reasoning and analysis.[1] *See Delafuente v. State*, 369 S.W.3d 224 (Tex. Crim. App. 2012) (per curiam). On remand, we apply the standard of review articulated in *Mendoza*, but reach the same conclusion. We thus reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

On June 24, 2009, at approximately 9:12 a.m., Officer Davis observed the vehicle in which appellant was a passenger traveling at approximately 52 miles per hour in a 65 mile-per-hour zone. Davis stopped appellant's vehicle for "impeding traffic." Upon approaching the vehicle, Davis immediately noticed a strong odor of marijuana. Davis notified the occupants of the vehicle that he smelled marijuana, and asked appellant, "Where is it?" Appellant replied, "It's in the trunk." Appellant informed Davis that the marijuana belonged solely to appellant.

Davis secured appellant in his patrol vehicle and notified the driver regarding appellant's admissions. The driver then produced a partially smoked marijuana "roach," a bag that contained marijuana, and other items used for smoking marijuana. Davis informed the driver regarding his intent to conduct a search and instructed her to remain in the vehicle with her two children. The search produced two marijuana pipes and other marijuana paraphernalia.

The driver and two children were released. Appellant was arrested and charged with possession of marijuana. Appellant filed a motion to suppress evidence challenging the reasonable suspicion required for the traffic stop. At the hearing on the motion, the only evidence presented was the three-page offense report of Officer Davis. The relevant portion of the offense report states that:

---

[1] In *Mendoza*, the Court, finding the written findings of fact ambiguous and lacking a credibility determination, remanded to the court of appeals with instructions to abate the case to the trial judge for supplemental findings. 365 S.W.3d at 673.

> I observed a traffic congestion in the inside westbound lane [on Interstate 10 in Waller County]. Traffic volume was moderate. I inspected further and observed a grey Chevrolet 4 door sedan . . . traveling below the prima facie limit of 65 miles per hour and Impeding Traffic. I paced the vehicle, which was traveling at approximately 52 miles per hour . . . . I initiated a traffic stop of the vehicle.

On November 30, 2010, the trial judge denied appellant's motion to suppress and made findings of fact and conclusions of law. The relevant portion of the judge's findings of fact states:

> In the offense report the officer states that [appellant] was impeding traffic. Since there was no contraverting [sic] testimony presented and no cross-examination, the Court accepted that statement as fact. Therefore the Court finds that Defendant's vehicle was impeding traffic.

The trial judge's conclusion of law states: "The officer had probable cause for the stop because the defendant was driving slow[ly] and impeding traffic." Appellant timely appealed the denial of his motion to suppress.

### ANALYSIS

In his only issue, appellant argues that the trial court erred by denying his motion to suppress evidence because the State did not present specific, articulable facts demonstrating that reasonable suspicion existed for the stop. On remand, the State argues that we should remand the case to allow the trial court to make supplemental findings of fact and conclusions of law to clarify "which facts the trial court believed and what reasonable inferences it drew from those facts to conclude that the car in which [a]ppellant was a passenger impeded traffic." Appellant argues the trial court's findings of fact are sufficient, no credibility determinations need to be made (there were no live witnesses at the suppression hearing), and no remand is necessary. We agree with appellant.

### I. Burden of Proof

In order to suppress evidence allegedly obtained in violation of the Fourth Amendment, the defendant must produce evidence rebutting the presumption of proper

police conduct. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The defendant meets his initial burden by establishing that a warrantless search or seizure occurred. *Id.* The burden then shifts to the State to prove the reasonableness of the search or seizure. *Id.*

The offense report prepared by Officer Davis was admitted by agreement of both parties. The report demonstrates that a warrantless search and seizure was made, and the State does not challenge that here. Therefore, the burden is on the State to establish the reasonableness of the search and seizure. *See id.*

## II.  Standard of Review

In a hearing on a motion to suppress, the trial judge is the sole factfinder and judge of the weight and credibility of the evidence. *Mendoza*, 365 S.W.3d at 669. Thus, we give almost total deference to the court's determination of historical facts and credibility. *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). We review a trial judge's historical factual findings and credibility determinations for an abuse of discretion. *Id.* However, ultimate legal rulings that determine whether reasonable suspicion or probable cause existed are subject to de novo review. *Id.* at 669-70 (citing *Ornelas v. United States*, 517 U.S. 690, 696, 699 (1996)); *see also Guzman*, 955 S.W.2d at 87–89 ("The amount of deference a reviewing court affords to a trial court's ruling on a 'mixed question of law and fact' (such as the issue of probable cause) often is determined by which judicial actor is in a better position to decide the issue. . . . The appellate courts may review *de novo* 'mixed questions of law and fact' not [turning on an evaluation of credibility and demeanor]."). Sometimes it is not clear precisely what historical facts a trial judge found or what the judge's credibility determinations were. *Mendoza*, 365 S.W.3d at 670. Thus, upon the request of a losing party, the trial judge must make explicit historical findings of fact and credibility determinations. *Id.* If the appellate court determines that the trial court's findings are ambiguous or insufficient to resolve the legal

issue, then the case should be remanded to the trial court to make findings of fact with greater specificity. *Id.*

## III. Reasonable Suspicion and Impeding Traffic

Whether the officer had reasonable suspicion to initiate the traffic stop is analyzed in two parts. *Id.* at 669-70. The first part of the analysis is based on the events that occurred leading up to the stop or search and involves only a determination of historical facts reviewed for an abuse of discretion. *Id.* The second part, whether these historical facts amount to reasonable suspicion when viewed from the standpoint of an objectively reasonable officer, is a mixed question of law and fact, reviewable de novo. *Id.* at 670. Here, the only evidence admitted during the hearing on the motion to suppress was Officer Davis's offense report, so the trial court's findings of fact were based solely on that. We review the trial court's determination of these historical facts for an abuse of discretion. *See id.* at 669.

An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. *Ford*, 158 S.W.3d at 492. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that an individual is, has been, or is about to be engaged in criminal activity. *Id.* There is a difference between specific, articulable facts on the one hand and conclusory statements or opinions on the other. *Castro v. State*, 227 S.W.3d 737, 742 (Tex. Crim. App. 2007). Mere conclusory statements are not an effective substitute for specific, articulable facts when the nature of the offense requires an officer to make a subjective determination. *Id.* (noting that whether driver changed lanes without signaling was an objective determination, unlike following too closely, speeding, or being intoxicated, which are subjective determinations).

Under Texas law, a vehicle "may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation

5

or in compliance with law." Tex. Transp. Code § 545.363(a). "Slow driving, in and of itself, is not a violation of the statute; a violation only occurs when the normal and reasonable movement of traffic is impeded." *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.). Other Texas courts have found certain evidence insufficient to support reasonable suspicion under the "impeding traffic" statute. *See, e.g.*, *Gonzales*, 276 S.W.3d at 93–95 (no reasonable suspicion existed where defendant was traveling 45 miles per hour in a 65 mile-per-hour zone—which the officer "considered impeding traffic"—and the officer could not recall the amount of traffic on the highway. The court stated, "An officer's conclusory statement that the law has been violated is not sufficient to prove reasonable suspicion."); *Richardson v. State*, 39 S.W.3d 634, 636–39 (Tex. App.—Amarillo 2000, no pet.) (no reasonable suspicion existed where defendant was traveling 45 miles per hour in the right-hand lane, only one vehicle passed defendant, there was little or no traffic for defendant to impede, and defendant slowly increased his speed to 57 miles per hour); *see also U.S. v. Coronado*, 480 F. Supp. 2d 923, 927–29 (W.D. Tex. 2007) (government failed to show that reasonable suspicion existed where defendant was traveling 53 miles per hour in the left lane where the speed limit was 65 miles per hour and officer testified that there were ten to fifteen cars behind defendant's car but did not testify as to how long he observed the backup of vehicles).

## IV. Application

Here, the trial court concluded "[t]he officer had probable cause for the stop because the defendant was driving slow and impeding traffic." In light of *Mendoza*, the State urges us to remand the case for the trial court to make supplemental findings of fact and conclusions of law because the State contends "[t]he trial court's finding that the [vehicle] 'impeded traffic' could have been shorthand for a finding of the component facts that there was traffic congestion in the left lane caused by the [vehicle] traveling 13 miles-an-hour below the speed limit in the left lane, or it could have been a mislabeled conclusion of law." We disagree. The trial court's finding neither could be shorthand for evidence that was

6

not presented at the hearing, nor could the trial court's statement that the vehicle was impeding traffic be a mislabeled conclusion of law. The trial court unambiguously stated that it accepted the officer's statement "as fact" under the section entitled "Findings of Fact" and separately concluded "the defendant . . . was impeding traffic" under the section entitled "Conclusions of Law." Thus, the trial court both concluded as a matter of fact and as a matter of law that the vehicle was impeding traffic.

### A. No need for remand.

We shall examine the basis for the trial court's finding that the vehicle impeded traffic to determine whether the trial court should be required to supplement its findings, as in *Mendoza*. In *Mendoza*, an officer stopped the defendant and arrested her for driving while intoxicated. *Mendoza*, 365 S.W.3d at 667. After hearing the officer's testimony, the trial court granted the defendant's motion to suppress, concluding the officer lacked reasonable suspicion to make the traffic stop. *Id*. Based on the trial judge's written factual findings, the court of appeals inferred that the judge must have believed the officer's testimony and held that the judge's legal conclusion that the officer did not have reasonable suspicion to stop the defendant's car was in error. *Id*. The Court of Criminal appeals reversed, finding that the trial judge's written findings were ambiguous and did not include a credibility determination, and remanded the case to the court of appeals with instructions to abate the case to the trial judge to prepare supplemental findings. *Id*.

The facts of *Mendoza* are distinguishable. In *Mendoza*, the trial court included in its factual findings what the Court of Criminal Appeals referred to as "weasel words" that showed the trial court may not have believed the officer's testimony (i.e. "the officer 'believed' [defendant] was speeding; he 'noticed' her weaving a few times; he 'stated' that she would continuously slow down"; et cetera). *See id.* at 671. Here, on the other hand, the trial court's factual findings included no "weasel words": the trial court expressly

7

accepted the officer's statement that the vehicle was impeding traffic "as fact."[2]   The trial court did not make any factual findings with regard to the officer's other statements in the offense report; however, it is clear that the trial court believed the statements supporting the officer's conclusion that the vehicle was impeding traffic.   We thus conclude that the trial court's factual findings were sufficiently clear to show what historical facts it relied on in reaching its conclusion.

### B.   Abuse of discretion.

We must determine whether the trial court abused its discretion in crediting the officer's statement that the vehicle was impeding traffic.  *See id.* at 669-70.   The only facts stated in Officer Davis's report relevant to whether the vehicle was impeding traffic are that (1) Davis observed traffic congestion in the inside westbound lane of I-10,[3] (2) traffic volume was moderate, and (3) Davis paced appellant's car traveling 52 miles per hour in a 65 mile-per-hour zone.

In *Ford*, the police officer who made the traffic stop testified at the hearing on the motion to suppress that he saw a vehicle "following too close behind" another vehicle. 158 S.W.3d at 491.   That was the only testimony given by the officer describing the circumstances leading up to the traffic stop.  *Id.*   The Court of Criminal Appeals stated that "[the officer] only stated that Ford was 'following too close.'   The record reveals an absence of any facts allowing an appellate court to determine the circumstances upon which [the officer] could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity."  *Id.* at 493.   The court held that the evidence before the trial court "indicated only that in [the officer's] judgment, Ford was following another car too closely . . . .   The State failed to elicit any testimony pertinent to

---

[2] Moreover, the written findings here could not be revised to include a credibility determination because no witnesses testified.

[3] The report perhaps implies, but does not state, that the vehicle was traveling in that lane.

what facts would allow [the officer] to objectively determine Ford was violating a traffic law." *Id.* at 494.

Here, Officer Davis's offense report merely stated that the traffic volume was moderate, that there was congestion in the left lane, and that appellant's vehicle was traveling 13 miles per hour below the speed limit while the officer was following it. There was no evidence that the normal and reasonable movement of traffic was impeded by appellant's driving. Specifically, there was no evidence presented that appellant's car was the cause of the congestion, that the moderate traffic volume was unusual for the time of day, whether cars were forced to pass appellant, how long the officer observed the traffic congestion behind appellant, or that traveling 13 miles below the speed limit was unreasonable given the traffic and weather conditions at the time. The officer's opinion that appellant was "impeding traffic," without specific, articulable facts to substantiate it, is insufficient to support the existence of reasonable suspicion. *See Castro*, 227 S.W.3d at 742; *Ford*, 158 S.W.3d at 493. The State failed to elicit sufficient testimony as to facts that would "allow [Officer Davis] to objectively determine [appellant] was violating a traffic law." *Ford*, 158 S.W.3d at 494.

## CONCLUSION

The trial court abused its discretion by crediting the officer's statement that the vehicle was impeding traffic. Accordingly, the record does not justify a reasonable suspicion that appellant was violating the law, and the trial court erred in denying appellant's motion to suppress evidence. We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

/s/     Martha Hill Jamison
           Justice

Panel consists of Justices Frost, Seymore, and Jamison. (Frost, J., Dissenting).
Publish — TEX. R. APP. P. 47.2(b).

9