**Affirmed and Memorandum Opinion filed March 11, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01039-CR

**DANIEL GLASS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1337662**

# M E M O R A N D U M   O P I N I O N

Appellant Daniel Glass entered a plea of guilty to possession of a controlled substance. In accordance with the terms of a plea agreement with the State, the trial court deferred adjudication of guilt and placed appellant under community supervision for a period of three years. Appellant appeals claiming the trial court erred in denying his motion to suppress evidence. We affirm.

## I.     BACKGROUND

Appellant was traveling in a vehicle that was stopped for a traffic violation by Deputy Arturo Cruz of the Harris County Constable's Office. Deputy Cruz requested consent to search the vehicle and the driver gave consent. After conducting an external pat down of the driver to check for weapons, Deputy Cruz asked for consent to search the driver's pockets. The driver consented and Deputy Cruz searched his pockets.

Deputy Cruz found a wallet in appellant's back pocket, which the deputy immediately removed and opened. Inside the wallet, Deputy Cruz found a baggie containing a white powdery substance that he suspected to be cocaine. Deputy Cruz took the baggie out of the wallet and asked appellant if he knew what it was. Appellant said it was cocaine. Deputy Cruz then placed appellant under arrest.

## II.     MOTION TO SUPPRESS

In his sole issue, appellant claims the trial court erred in denying his motion to suppress because the search of his wallet exceeded the scope of his consent to search.[1] In reviewing a trial court's ruling on a pretrial motion to suppress, we should afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *State v. Elias*, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011). The same amount of deference should be afforded to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* "Mixed questions of law and fact" not falling within this category may be reviewed

---

[1] Appellant does not challenge the stop, the length of the detention, or that he gave consent for his pockets to be searched.

2

de novo. *Id.* Because the trial court did not make explicit findings of fact in this case, we review the evidence in a light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).

The extent of the search is limited to the scope of the consent given, and the scope of the consent is generally defined by its expressed object. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *DuBose v. State*, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997). The standard for measuring the scope of consent is that of "objective" reasonableness—what the typical reasonable person would have understood by the exchange between the officer and the individual. *Jimeno*, 500 U.S. at 251; *DuBose*, 915 S.W.2d at 496.

Appellant relies on *Campbell v. State*, 864 S.W.2d 223 (Tex. App.—Waco 1993, pet. ref'd), but in that case the officer asked "if he could pat him down for his own safety." *Id*. at 224. If the officer indicates the object of his search, any subsequent consent to search is thereby limited in scope. *See Vargas v. State*, 18 S.W.3d 247, 254 (Tex. App.—Waco 2000, pet. ref'd) (because trooper asked if he could search for contraband, the permissible scope of the search included any container which could contain it); *see also James v. State*, 72 S.W.3d 35, 42–43 (Tex. App.—Texarkana 2001, pet. ref'd) (when officer asked defendant if he was involved in narcotics trafficking and then asked for consent to search, search of metal tin that could conceal evidence of narcotics activity did not exceed its intended scope). In this case, Deputy Cruz did not indicate the object of his search. Appellant asserts that a reasonable person would have understood Deputy Cruz's request to check his pockets as a request to further search for weapons. We reject appellant's argument. Since Deputy Cruz already had done a pat down for

weapons, a reasonable person would have understood that he was now searching for something else.

More analogous to this case is *Montanez v. State*, 211 S.W.3d 412, 416 (Tex. App.—Waco 2006, no pet.). In that case, the officer required the defendant to drive to the task force's headquarters to inspect the gas tank. The court noted the defendant placed no limits on the scope of his consent and the officer did not expressly tell the defendant that he wanted to search for narcotics. "Nevertheless, it is objectively reasonable that an unlimited consent to search a vehicle will extend to every part of the vehicle within which contraband may be hidden." *Id.* The court found the trial court did not abuse its discretion by concluding the search did not exceed the scope of the consent given. *Id.* Because appellant consented to Deputy Cruz's search of his pockets without placing any explicit limitation on the scope of the search, we find it was objectively reasonable for the trial court to conclude that the general consent to search appellant's pockets included consent to search "containers" within those pockets. *See Simpson v. State*, 29 S.W.3d 324, 330 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("Unless an officer's request, or a suspect's consent, limits a search to a particular area of the vehicle, such as the passenger compartment or trunk, we believe that a request for a search 'of the car' reasonably includes all areas of the vehicle and excludes none."). Accordingly, we conclude the trial court did not abuse its discretion in denying the motion to suppress. Appellant's issue is overruled.

Having determined the trial court's ruling was supported by consent, we need not address appellant's other arguments. *See* Tex. R. App. P. 47.1. The judgment of the trial court is affirmed.

_____
Ken Wise
Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).