

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00307-CR

**CRISTAN DRAYCE WILLIAMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 2
### Brazos County, Texas
### Trial Court No. 12-02846-CRM-CCL2

## MEMORANDUM OPINION

Cristan Drayce Williams pled guilty to the offense of possession of marijuana, under two ounces. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (West 2010). The trial court deferred a finding of guilt and placed Williams on community supervision for 18 months. Because the trial court did not err in denying Williams's motion to suppress, the trial court's judgment is affirmed.

Williams was parked with his vehicle's engine running on the second level in a parking garage of a well-known entertainment and bar district at 3 a.m. on a Sunday

morning.  The bars had closed an hour before.  The garage was nearly empty.  Sgt. Jason Summers of the College Station Police Department was on bicycle patrol of the garage and noticed Williams's parked vehicle.  Summers then rode up to the fourth level to check it to make sure it was clear and make sure there were no people passed out in their cars or on the pavement.  When he returned to the second level, Summers saw Williams in his vehicle make at least three laps around the second level.  Summers suspected that Williams may be intoxicated and was having trouble either reading the exit signs or finding the ramp to go down.  Summers decided to detain Williams and when he did, he arrested Williams for driving while intoxicated and possession of marijuana.[1]

Prior to Williams's plea, Williams complained in a motion to suppress that, among other things, he was detained without reasonable suspicion.  After a hearing, the trial court denied the motion to suppress.

When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling.  *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony.  *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007).  Therefore, we give almost total deference to the trial

[1] At the time of the suppression hearing, Williams was still on bond for the DWI arrest.

court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

In an investigatory stop, the totality of the circumstances — the whole picture — must be taken into account. *Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000). A detention based on reasonable suspicion must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). Otherwise stated, those specific, articulable facts must show unusual activity, some evidence that connects the detained individual to the unusual activity, and some indication that the unusual activity is related to crime. *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011). Circumstances that an officer relies on

"must be sufficiently distinguishable from that of innocent people under the same circumstances as to clearly, if not conclusively, set the suspect apart from them." *Wade v. State*, 422 S.W.3d 661, 670 (Tex. Crim. App. 2013) (quoting *Crockett v. State*, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)).

Williams contends that because he was not violating the law or driving erratically, his actions were not "sufficiently distinguishable from that of innocent people." But innocent people would not be driving laps around one particular level in a nearly empty parking garage at 3 a.m. on a Sunday morning an hour after the bars had closed. Further, it is the totality of the circumstances that must be taken into account.

Based on the testimony at the hearing, Williams exhibited unusual activity which was related to the crime of driving while intoxicated. Accordingly, viewing the evidence in the light most favorable to the trial court's ruling and taking into account the totality of the circumstances, we find Sgt. Summers had reasonable suspicion to detain Williams. The trial court did not err in denying Williams's motion to suppress, and Williams's sole issue is overruled.

Having overruled Williams's sole issue, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 30, 2015
Do not publish
[CR25]

