**Affirmed and Memorandum Opinion filed May 7, 2019.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-17-00560-CR

**DAVID SHERROD WYLES, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CR-1556**

## MEMORANDUM OPINION

In June 2016, Officer Sanderson stopped appellant David Sherrod Wyles for speeding. During the stop, Sanderson called upon Officer Doucette to conduct an intoxication investigation. When Doucette arrived, Sanderson advised Doucette that Sanderson had paced[1] appellant's vehicle traveling approximately 50 miles per

---

[1] Doucette testified at the suppression hearing that "pacing" meant "following the vehicle at a safe distance but at a constant distance so [the officer's] speed would essentially match the speed of whatever vehicle he was pacing." Doucette also testified that it was customary for police officers in the Galveston Police Department to gauge speed using pacing.

hour in a 35 miles-per-hour zone. Doucette conducted an intoxication investigation and arrested appellant for driving while intoxicated.

Appellant moved to suppress the admission of "any evidence that came after the stop." Sanderson died before the hearing on appellant's motion and was therefore unavailable to testify. Doucette testified to Sanderson's statement regarding pacing appellant's vehicle. In addition, the State put on video evidence from Sanderson's dash camera showing Sanderson's speed as he paced appellant before the stop. The trial court denied appellant's motion to suppress.

Appellant pleaded guilty to driving while intoxicated, third offense or more. *See* Tex. Penal Code §§ 49.04, 49.09(b). The trial court sentenced him to ten-years confinement.

In his sole issue on appeal, appellant contends the trial court erred in denying his motion to suppress because without the testimony of Sanderson, the State could not meet its burden to prove Sanderson had reasonable suspicion to make the stop. Specifically, appellant asserts:

> Officer Doucette's observations regarding pacing are not Officer Sanderson's observations. The in-car video recording would only bolster Officer Sanderson's personal observations had he been available to testify. Reasonable suspicion is not reachable without Officer Sanderson's crucial testimony to substantiate the totality of the circumstances that there was a reasonable suspicion of speeding.

Appellant does not point us to, and we have not located, any authority to support his contention that Doucette's testimony and the dash-camera video could not support the trial court's finding of reasonable suspicion. Likewise, appellant does not point us to, and we have not located, any authority supporting his claim that the trial court could not find reasonable suspicion without Sanderson's testimony.

2

Because hearsay is sufficient to support a fact or opinion at a suppression hearing, the "officer who actually observed the traffic violation" is not the only officer who can testify at a suppression hearing. *Castro v. State*, 227 S.W.3d 737, 743 (Tex. Crim. App. 2007). Therefore, we conclude that Doucette's testimony and the video evidence supported the trial court's finding of reasonable suspicion. *See id.*; *see also Ford v. State*, 305 S.W.3d 530, 539–40 (Tex. Crim. App. 2009) (holding unsworn police report supported finding of reasonable suspicion although report was not sponsored by testimony or supported by affidavit).

We overrule appellant's issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/      Charles A. Spain
Justice

Panel consists of Justices Christopher, Bourliot, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3