**Reversed and Remanded, and Majority and Dissenting Opinions filed April 3, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00500-CR

_____

**JOSEPH DELAFUENTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Waller County, Texas**
**Trial Court Cause No. CC09-704**

## M A J O R I T Y   O P I N I O N

Appellant Joseph Delafuente was charged with Class B misdemeanor possession of marijuana. *See* Tex. Health & Safety Code § 481.121. Appellant filed a motion to suppress, alleging that the evidence against him was obtained during a traffic stop initiated without probable cause or reasonable suspicion. The trial court denied appellant's motion. Having found no specific, articulable facts in the record that would support reasonable suspicion for the traffic stop, we reverse and remand for proceedings consistent with this opinion.

# BACKGROUND

On June 24, 2009, at approximately 9:12 a.m., Officer Davis observed the vehicle in which appellant was a passenger traveling at approximately 52 miles per hour in a 65 mile-per-hour zone.  Davis stopped appellant's vehicle for "impeding traffic."  Upon approaching the vehicle, Davis immediately noticed a strong odor of marijuana.  Davis notified the occupants of the vehicle that he smelled marijuana, and asked appellant, "Where is it?" Appellant replied, "It's in the trunk."  Appellant informed Davis that the marijuana belonged solely to appellant.

Davis secured appellant in his patrol vehicle and notified the driver regarding appellant's admissions.   The driver then produced a partially smoked marijuana "roach," a bag that contained marijuana, and other items used for smoking marijuana.   Davis informed the driver regarding his intent to conduct a search and instructed her to remain in the vehicle with her two children.   The search produced two marijuana pipes and other marijuana paraphernalia.

The driver and two children were released.   Appellant was arrested and charged with possession of marijuana.   Appellant filed a motion to suppress evidence challenging the reasonable suspicion required for the traffic stop.   At the hearing on the motion, the only evidence presented was the three-page offense report of Officer Davis.   The relevant portion of the offense report states that:

> I observed a traffic congestion in the inside westbound lane [on Interstate 10 in Waller County].   Traffic volume was moderate.   I inspected further and observed a grey Chevrolet 4 door sedan . . . traveling below the prima facie limit of 65 miles per hour and Impeding Traffic.   I paced the vehicle, which was traveling at approximately 52 miles per hour . . . .   I initiated a traffic stop of the vehicle.

On November 30, 2010, the trial judge denied appellant's motion to suppress and made findings of fact and conclusions of law.   The relevant portion of the judge's findings of fact states:

2

In the offense report the officer states that [appellant] was impeding traffic. Since there was no contraverting [sic] testimony presented and no cross-examination, the Court accepted that statement as fact. Therefore the Court finds that Defendant's vehicle was impeding traffic.

The trial judge's conclusion of law states: "The officer had probable cause for the stop because the defendant was driving slow[ly] and impeding traffic." Appellant timely appealed the denial of his motion to suppress.

## ANALYSIS

In his only issue, appellant argues that the trial court erred by denying his motion to suppress evidence because the State did not present specific, articulable facts demonstrating that reasonable suspicion existed for the stop.

### I. Burden of Proof

In order to suppress evidence allegedly obtained in violation of the Fourth Amendment, the defendant must produce evidence rebutting the presumption of proper police conduct. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The defendant meets his initial burden by establishing that a warrantless search or seizure occurred. *Id.* The burden then shifts to the State to prove the reasonableness of the search or seizure. *Id.*

The offense report prepared by Officer Davis was admitted by agreement of both parties. The report demonstrates that a warrantless search and seizure was made, and the State does not challenge that here. Therefore, the burden is on the State to establish the reasonableness of the search and seizure. *See id.*

### II. Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We give almost total deference to the court's determination of historical facts, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *Guzman v.*

3

*State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, as to a mixed issue of law and fact, the trial judge may not be in an appreciably better position than the reviewing court to make the determination, and we may review that issue *de novo*. *Id.* at 87–89. ("The amount of deference a reviewing court affords to a trial court's ruling on a 'mixed question of law and fact' (such as the issue of probable cause) often is determined by which judicial actor is in a better position to decide the issue. . . . The appellate courts may review *de novo* 'mixed questions of law and fact' not [turning on an evaluation of credibility and demeanor].").

Whether or not reasonable suspicion existed during the traffic stop is a mixed question of law and fact. *See id.*; *State v. Tarvin*, 972 S.W.2d 910, 911 (Tex. App.—Waco 1998, pet. ref'd). Here, the only evidence admitted during the hearing on the motion to suppress was Officer Davis's offense report. Because no witnesses testified, the trial court's findings were not based on an evaluation of credibility or demeanor. Therefore, we review the issue *de novo*.

## III. Reasonable Suspicion and Impeding Traffic

An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. *Ford*, 158 S.W.3d at 492. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that an individual is, has been, or is about to be engaged in criminal activity. *Id.* There is a difference between specific, articulable facts on the one hand and conclusory statements or opinions on the other. *Castro v. State*, 227 S.W.3d 737, 742 (Tex. Crim. App. 2007). Mere conclusory statements are not an effective substitute for specific, articulable facts when the nature of the offense requires an officer to make a subjective determination. *Id.* (noting that whether driver changed lanes without signaling was an objective determination, unlike following too closely, speeding, or being intoxicated, which are subjective determinations).

4

Under Texas law, a vehicle "may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." Tex. Transp. Code § 545.363(a). "Slow driving, in and of itself, is not a violation of the statute; a violation only occurs when the normal and reasonable movement of traffic is impeded." *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.).

## IV. Application

The only facts stated in Officer Davis's report relevant to the existence of reasonable suspicion are that (1) he observed traffic congestion in the inside westbound lane of I-10, (2) traffic volume was moderate, and (3) he paced appellant's car traveling 52 miles per hour in a 65 mile-per-hour zone. The report perhaps implies, but does not state, that appellant's vehicle was traveling in the inside westbound lane. The report also includes the conclusory statement that appellant's vehicle was impeding traffic. We must determine whether the evidence is sufficient to raise a reasonable suspicion that appellant's vehicle was an impediment to the normal and reasonable movement of traffic.

In *Ford*, the police officer who made the traffic stop testified at the hearing on the motion to suppress. 158 S.W.3d at 491. The officer testified that he saw a vehicle "following too close behind" another vehicle. *Id.* That was the only testimony given by the officer describing the circumstances leading up to the traffic stop in that case. *Id.* The Court of Criminal Appeals stated that "[the officer] only stated that Ford was 'following too close.' The record reveals an absence of any facts allowing an appellate court to determine the circumstances upon which [the officer] could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity." *Id.* at 493. The court held that the evidence before the trial court "indicated only that in [the officer's] judgment, Ford was following another car too closely . . . . The State failed to elicit any testimony pertinent to what facts would allow [the officer] to objectively determine Ford was violating a traffic law . . . ." *Id.* at 494.

5

Other Texas courts have found the evidence insufficient to support reasonable suspicion under this statute. *See, e.g.*, *Gonzales*, 276 S.W.3d at 93–95 (no reasonable suspicion existed where defendant was traveling 45 miles per hour in a 65 mile-per-hour zone—which the officer "considered impeding traffic"—and the officer could not recall the amount of traffic on the highway. The court stated, "[a]n officer's conclusory statement that the law has been violated is not sufficient to prove reasonable suspicion."); *Richardson v. State*, 39 S.W.3d 634, 636–39 (Tex. App.—Amarillo 2000, no pet.) (no reasonable suspicion existed where defendant was traveling 45 miles per hour in the right-hand lane, only one vehicle passed defendant, there was little or no traffic for defendant to impede, and defendant slowly increased his speed to 57 miles per hour); *U.S. v. Coronado*, 480 F. Supp. 2d 923, 927–29 (W.D. Tex. 2007) (government failed to show that reasonable suspicion existed where defendant was traveling 53 miles per hour in the left lane where the speed limit was 65 miles per hour, and officer testified that there were ten to fifteen cars behind defendant's car but did not testify as to how long he observed the backup of vehicles).

Here, Officer Davis's offense report merely stated that the traffic volume was moderate, that there was congestion in the left lane, and that appellant's vehicle was traveling 13 miles per hour below the speed limit while the officer was following it. There was no evidence that the normal and reasonable movement of traffic was impeded by appellant's driving. Specifically, there was no evidence presented that appellant's car was the cause of the congestion, that the moderate traffic volume was unusual for the time of day, whether cars were forced to pass appellant, how long the officer observed the traffic congestion behind appellant, or that traveling 13 miles below the speed limit was unreasonable given the traffic and weather conditions at the time. The officer's opinion that appellant was "impeding traffic," without specific, articulable facts to substantiate it, is insufficient to support the existence of reasonable suspicion. *See Castro*, 227 S.W.3d at 742; *Ford*, 158 S.W.3d at 493. The State failed to elicit sufficient testimony as to facts that would "allow [Officer Davis] to objectively determine [appellant] was violating a

6

traffic law . . . ." *Ford*, 158 S.W.3d at 494. We conclude that the record does not justify a reasonable suspicion that appellant was impeding traffic, and therefore the trial court erred in denying appellant's motion to suppress evidence.

## CONCLUSION

We reverse the judgment of the trial court and remand the cause to that court for proceedings consistent with this opinion.


/s/    Martha Hill Jamison
        Justice


Panel consists of Justices Frost, Seymore, and Jamison. (Frost, J., Dissenting).

Publish — TEX. R. APP. P. 47.2(b).