AFFIRM; Opinion issued December 4, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01154-CR

**GEORGE WARD SHAW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MA08-60886-C**

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

A jury found George Ward Shaw guilty of driving while intoxicated. In his sole issue on appeal, he complains that the trial court erred in overruling his motion to suppress. We affirm the trial court's judgment. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit our recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

At the motion to suppress hearing preceding appellant's trial, both sides agreed to let the trial court decide the suppression issue based solely on the video recording of appellant's driving before he was stopped and later arrested. In the video, appellant can twice be seen weaving between the

far left lane and the center lane of the one way street on which he was driving. On the second occasion, the car appellant is driving moves so far into the center lane that it approaches a car traveling in the far right lane before it veers back to the far left lane, overcorrecting and then returning to the center of the left lane. Then, once the police officer recording the pursuit activates his patrol car's lights, the car swerves into the center lane one more time before returning to the left lane. At this point, appellant signals that he is moving to the right and eventually pulls over on the right hand side of the road.

Appellant complains in his sole issue that the trial court erred by overruling his motion to suppress the evidence following his stop because the officer did not have reasonable suspicion to stop him. He particularly bases his contention on the testimony of the arresting officer given not during the motion to suppress but during his trial. When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We review de novo the trial court's application of the law. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). When, as here, the trial court does not make findings of fact, we infer the necessary factual findings that support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, support the implied fact findings. *Garcia-Cantu*, 253 S.W.3d at 241.

A law enforcement officer is justified in detaining a person for investigative purposes if the officer has reasonable suspicion to believe the individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if an officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to conclude reasonably that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). In making a

reasonable suspicion determination, we disregard the subjective intent of the officer making the stop and consider solely, under the totality of the circumstances, whether there was an objective basis for the stop. *See Ford*, 158 S.W.3d at 492–93.

Here, the officer was able to observe appellant having obvious difficulty staying in a single lane of traffic and doing so while there was at least one other vehicle on the road with him. Such driving was undeniably unsafe, regardless of whether the arresting officer made such a notation in his report. Based on these facts, the officer could have reasonably concluded that appellant was violating transportation code section 545.060 by unsafely failing to drive within a single lane or that appellant was driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 545.060 (West 2011). Because the officer had reasonable suspicion to stop appellant, the trial court did not abuse its discretion in denying the motion to suppress.

We affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111154F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE WARD SHAW, Appellant

No. 05-11-01154-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court No. 3 of Dallas County, Texas. (Tr.Ct.No. MA08-60886-C).
Opinion delivered by Justice Morris, Justices Francis and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 4, 2012.

JOSEPH B. MORRIS
JUSTICE