**Affirmed; Opinion Filed July 29, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-01346-CR**

**RICHARD ALLEN WINFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. M11-52000-C**

## MEMORANDUM OPINION

Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Evans

Richard Allen Winfield challenges the trial court's denial of his motion to suppress the blood specimen taken from him after his arrest for driving while intoxicated. We affirm the trial court's judgment. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

### FACTUAL BACKGROUND

The arresting officer, Ronald Cathcart, testified at the hearing on appellant's motion to suppress that he was dispatched to a vehicle collision involving appellant and a mother with a five-year-old son. It appeared that appellant had rear-ended the mother's car, but both cars were still driveable after the collision. When Cathcart arrived at the scene, vehicles from the Dallas

Fire Department left. Cathcart testified without objection that the collision was the result of a DWI accident involving appellant.

When Cathcart spoke with the mother at the scene of the accident, she was crying and upset about whether her son was alright. She told Cathcart that the boy had hurt his head or back during the accident. Cathcart advised her to take the boy to the hospital to get checked out so that she would not have to worry about him, then contact Cathcart afterward to let him know the child's status. He also informed the mother that, under the law, if she took the boy to the hospital to be examined, then he could pursue a mandatory blood draw from appellant. The mother told Cathcart that she was going directly to the hospital. A few hours later, the mother texted Cathcart to thank him for his help and report that they did not find anything wrong with her son at the hospital, other than the pain that he had sustained. Cathcart testified that the fire department officers and paramedics at the scene before him did not transport the boy to the hospital because he did not have an "obvious injury."

According to Cathcart, after he arrested appellant for DWI and transported him to the jail, he asked appellant to voluntarily submit to a test of his breath or blood, but appellant refused. At that point, Cathcart pursued a mandatory blood draw "due to the child having pain and being transported to Children's Hospital." Cathcart could not recall whether he received the mother's text before or after appellant's blood specimen was taken. He testified that he "[a]bsolutely" had a reasonable belief that someone had been transported to the hospital as a result of the collision.

After taking the matter under advisement, the trial court overruled appellant's motion to suppress. The judge commented that he was relying on this Court's unpublished opinion in *Glaser v. State*, No. 05-11-00119-CR, 2012 WL 1034923 (Tex. App.—Dallas Mar. 29, 2012, no pet.), in making his ruling. He noted,

> The issue is, there is bodily injury, and while the officer did suggest that
> he go to the hospital, it is not a situation where the officer instigated the contact

with the mother and child; it was the mother and child came [sic] to the officer was saying that "My baby's crying. He bumped his head. In this situation, what do I do," and officer, I think, under those circumstances, was reasonable to say that "You take your child to the hospital if you think he needs to be looked at."

And I think the issue as far as treatment goes, . . . when you want to know what's wrong with you, . . . that is a form of treatment, the diagnosis and the examination, I believe encompasses what treatment is under this statute. And basically, based upon what I see in Glaser and what the facts were in this case, I think the officer had a reasonable belief that the mother and child were going to go to the hospital and, in fact, they did go to the hospital and, in fact, they were examined and looked at at the hospital . . . and on that basis, the motion to suppress is denied.

## ANALYSIS

### I. Evidence of Bodily Injury and Transport for Medical Treatment

In his first issue, appellant complains the trial court erred in denying his motion to suppress because no evidence showed that a person involved in the accident had suffered bodily injury and been transported for medical treatment at the time appellant's blood sample was drawn. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State,* 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We give almost complete deference to the trial court in determining historical facts, and we review de novo the court's application of the law of search and seizure. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We do not engage in our own factual review; the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *St. George*, 237 S.W.3d at 725. We therefore view the evidence in the light most favorable to the trial court's ruling. *See State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008).

Appellant contends that the State failed to show its compliance with section 724.012(b) of the Texas Transportation Code, which provides a mechanism for obtaining breath or blood alcohol test results. The statute reads, in relevant part:

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

>    (1) the person was the operator of a motor vehicle . . . involved in an accident that the officer reasonably believes occurred as a result of the offense and, *at the time of the arrest*, the officer reasonably believes that as a direct result of the accident:

>    . . .

>    (C) an individual other than the person has suffered bodily injury and been transported to a hospital or other medical facility for medical treatment….

TEX. TRANSP. CODE ANN. § 724.012(b) (West 2011) (emphasis added).

It was up to the trial judge to decide whether Cathcart's testimony was credible. *See Castro v. State,* 227 S.W.3d 737, 743 (Tex. Crim. App. 2007). That testimony, viewed in the light most favorable to the trial court's ruling, showed Cathcart arrested appellant following a collision that Cathcart reasonably believed had been caused by appellant's driving while intoxicated. Moreover, the testimony showed that, at the time of appellant's arrest, Cathcart reasonably believed the child had suffered bodily injury as a result of the collision and had been transported to a hospital for medical treatment. The trial court did not err in denying appellant's motion to suppress. We resolve appellant's first issue against him.

## II. Evidence of Intoxication and Cause of Accident

In his second issue, appellant complains the trial court erred in admitting the blood evidence because the State failed to show both that appellant was intoxicated and that his intoxication was the cause of the accident, as required by transportation code section 724.012(b)(1). Appellant did not, however, raise this complaint in his motion to suppress or at any time during the hearing on his motion to suppress. To preserve error on appeal, an appellant must present his complaint to the trial court by a timely request, objection, or motion that

informs the trial judge of the nature of the issue and affords him the opportunity to rule. *See Langford v. State*, 129 S.W.3d (Tex. App.—Dallas 2003, no pet.) (citing TEX. R. APP. P. 33.1(a)). Although testimony about the basic facts of a vehicular accident the fault of an intoxicated driver can support an officer's reasonable belief the accident was a result of the driver's intoxication—*see McIntyre v. State*, 05–10–00213–CR, 2011 WL 2536513 at *2 (Tex. App.–Dallas 2011 no pet.) (citing *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010)—by failing to give the trial court an opportunity to rule on his complaint, there is nothing for us to review. We resolve appellant's second issue against him.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121346F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD ALLEN WINFIELD, Appellant

No. 05-12-01346-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 3, Dallas County, Texas
Trial Court Cause No. M11-52000-C.
Opinion delivered by Justice Evans.
Justices Moseley and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE