ACCEPTED
1-15-00200-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/17/2015 1:53:03 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00200-CR

FILED IN
~~1st COURT OF APPEALS~~
HOUSTON, TEXAS
7/17/2015 1:53:03 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE
FIRST COURT OF APPEALS
HOUSTON, TEXAS**

**KRISTINE MARIE MURRELL,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee

**ON APPEAL FROM THE COUNTY CRIMINAL COURT
NUMBER 14 OF HARRIS COUNTY, TEXAS
CAUSE NO. 1973306**

**REPLY BRIEF FOR APPELLANT**

J. Dennis Hester
State Bar No. 24065415
Cordt C. Akers
State Bar No. 24080122

COGDELL LAW FIRM, PLLC
402 Main, St., 4th Floor
Houston, Texas 77002
Office:      713-426-2244
Facsimile:   713-426-2255

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

This is not the typical "totality of the circumstances" case the State portrays it as. Upholding the trial court's denial of the motion to suppress will give officers *carte blanche* authority to stop and detain motorists based on almost any subjective, conclusory, or unexplained opinion. The law requires more. Specifically, it requires articulated facts that support an objectively reasonable suspicion. *Castro v. State*, 227 S.W.3d 737, 742 (Tex. Crim. App. 2007). The State failed to develop such facts in this case.

The justifications for the trial court's denial of Murrell's Motion to Suppress included conclusory opinions that: (1) Murrell was in a neighborhood with a high concentration of bars, absent any detail concerning the number of bars or the geographic boundary of the area; and (2) Murrell was traveling at varying or erratic speeds, without explanation as to how her speed was determined. Meanwhile, the findings that Murrell was drifting outside her lane and engaging in "evasive" lane changes are unsupported—even contradicted—by the record and the testifying officer's statement that he, "didn't observe any weaving." (RR 21.)

When the conclusory opinions and unsupported findings are stripped away, the traffic stop at issue is exposed as barebones and lacking reasonable suspicion. The trial court's ruling should be reversed.

2

## ARGUMENT

**1.     The conclusory opinion concerning Murrell's presence in an area with a high number of bars provides no support for reasonable suspicion.**

No evidence supported Deputy Junius Simon's conclusory testimony that Murrell was stopped in an area with a high number of bars. The State ignores this and simply comments that presence in a high bar area is a factor in the totality of the circumstances. *See* Appellee's Br. at 9. That is not the issue.

Murrell does not argue that presence in an area with numerous bars, where people commonly drive intoxicated, is not a factor supporting reasonable suspicion. It is a factor.[1] But the problem here is that the hearing produced no evidence regarding how many bars are in the "area," no evidence of heightened incidents of drunk driving in the "area," and no evidence of borders or boundaries to the "area." The court's finding was, therefore, improperly based on the subjective opinion of Simon with no supporting facts. *Castro*, 227 S.W.3d at 742.

Like presence in a high crime area, presence in an area with a high number of bars requires some supporting evidence, including geographic boundaries, so that an entire neighborhood is not designated as a zone where constitutional liberties are significantly lessened. *See United States v. Montero–Camargo*, 208 F.3d 1122, 1138 (9th Cir. 2000) (en banc) ("We must be particularly careful to

---

[1]     Murrell has already acknowledged that, as a matter of law, presence in a high bar area can be a factor in the analysis. *See* Appellant's Br. at 11, fn. 3.

ensure that a 'high crime' area factor is not used with respect to entire neighborhoods or communities . . . but is limited to specific, circumscribed locations where particular crimes occur with unusual regularity.")

Some questions that the State could, and should, have asked Simon in an effort to satisfy its burden were:

- How many bars are in the area?

- What are the geographic boundaries of the area?

- How many drunk driving arrests have you made there?

They abjectly failed to do so.

Without such evidence or testimony, Simon's "high bar area" spans, for all we know, the entire city of Houston. Or suppose that, in Simon's subjective opinion, three bars within four miles of one another makes a 10 square mile area a "high bar area." Would such a conclusion be objectively reasonable? Almost certainly not, but Simon very well could have based the stop on such an opinion because we do not know the makeup of his "high bar area."

Ignoring this problem, the State cites *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010), and answers that driving in an area where many bars are

located is a factor supporting reasonable suspicion.[2] Indeed it is, but again, that is not the issue.

*Foster*, moreover, demonstrates Murrell's point that an officer's subjective belief that an area contains a high number of bars is worthless without supporting facts. In *Foster*, there was evidence that the appellant was stopped in a "bar district where police ha[d] made numerous DWI arrests." *Id*. at 613. The bar district was identified as Sixth Street in Austin, Texas, which is nationally know as an area with a high number of bars. And the officer testified that, in his experience, "it is common for many people to be impaired in Austin's Sixth Street bar district late at night." *Id*. at 611. There was no such testimony here, and nothing except the officer's conclusion that there were, "several" bars and restaurants near the "area." (RR 9.) As a conclusory opinion bereft of supporting facts, the finding that Murrell was in a high bar area provides no cause for reasonable suspicion.

**2.  The conclusory opinions concerning Murrell's varying speed provide no support for reasonable suspicion.**

The State admits that, under *Castro*, conclusory opinions pertaining to an officer's subjective determinations—such as "the defendant was driving too fast," or "the defendant was intoxicated"—are entitled to no weight. Appellee's Br. at 11; *Castro*, 227 S.W.3d at 742 (identifying "[f]ollowing too closely, speeding, and

---

[2]  Another case cited by the State did not involve a defendant alleged to be in a high bar area. *See Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007).

being intoxicated," as subjective determinations that require more than conclusory statements of opinion). Yet, the State proclaims, the trial court could rely on Simon's testimony that Murrell was changing speeds without any explanation of how the determination was made. That is incorrect.

*Castro* teaches that a stop based on a vehicle's speed, and logically a vehicle's changing speeds, is a subjective determination of the officer. 227 S.W.3d at 742. As a subjective determination, there must be supporting facts that explain how Murrell's speed was determined. *Id.*; *cf. Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) ("probable cause must be based on facts, not opinions.") This record offers none.

Instead of pointing to record evidence that explains how Murrell's speed was determined, the State argues that the trial court "could infer" that Simon paced Murrell. Appellee's Br. at 10. But the court's written findings of fact and conclusions of law contain no such inference. (CR 59-61.) And the purpose of written findings is precisely so this Court does not make assumptions regarding the trial court's reasoning. *State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006). Indeed, it would be improper for this court to consider matters outside the trial court's written findings. *Arnold v. State*, 793 S.W.2d 305, 308 (Tex. App.— Austin 1990) (citing *Gulf Land Co. v. Atl. Ref. Co.*, 134 Tex. 59, 77 (1939)).

So even if the judge below could have inferred that Simon was pacing Murrell, his written findings tell us he did not. Instead, the trial court improperly based its finding on speed changes purely on the subjective opinion of Simon with no supporting facts.

**3.    The trial court's finding that Murrell was drifting outside of her lane is not supported by, and conflicts with, Simon's testimony.**

The State and Murrell agree that the record does not support the finding that Murrell was "drifting within her lane." Appellee's Br. at 13, fn. 3. The State, however, argues that the record supports the court's finding that Murrell was drifting outside of her lane, though it admits that Simon never said she was drifting. *Id*. at 12.

To this point, the State relies on Simon's testimony that generally describes behavior he has witnessed before—where an intoxicated driver, "start[s] to swerve, [then] they'll turn on their signal light, go ahead and move into that lane that they were swerving into to mask the swerve." Appellee's Br. at 12-13 (citing RR 8-9). The officer's report did not claim that Murrell engaged in such lane changes. (RR 24.) And when he testified at Murrell's Administrative License Revocation hearing, Simon never claimed Murrell made frequent lane changes. (RR 17.)

But more importantly, Simon never testified that Murrell's lane changes constituted "swerve masking" behavior. He simply stated that he had seen others "mask" swerves by signaling just prior to swerving into an adjacent lane. (RR 8-9.)

And further to this point, direct testimony established that Simon did not see Murrell swerving, drifting, or weaving—whichever we choose to call failing to maintain a lane of traffic. Simon testified: "I didn't observe any weaving." (RR 21.) The trial court's finding to the contrary is unsupported.

**4.      There was no basis for the trial court's finding that Murrell's lane changes were "evasive."**

Similarly, the trial court cited no factual basis for, and the record contains no basis for, a finding that Murrell's lane changes were "evasive." (CR 59-61.) There are a host of reasons why Murrell could have been frequently changing lanes other than evading the officer. *See Hernandez v. State*, 983 S.W.2d 867, 870 (Tex. App.—Austin 1998) ("drifting" across a lane marker did not establish reasonable suspicion of intoxication because there are a "myriad of reasons" why a person might drift).

Moreover, Simon's description of behavior he had seen before, where a driver will signal just before swerving into an adjacent lane was never described as "evasive" to avoid an officer. (RR 8-9.) Instead, it was something that Simon claimed drivers do to mask a swerve. This record contains no evidence, or suggestion, that Murrell was trying to evade the officer. The trial court's finding is unsupported.

**5.    With or without the conclusory and unsupported facts, the stop is not supported by reasonable suspicion.**

The permissible factors to consider here are that an inexperienced officer observed Murrell change lanes frequently while signaling. This is insufficient to establish reasonable suspicion. *Cf. Bass v. State*, 64 S.W.3d 646, 649-50 (Tex. App.—Texarkana, 2001) (no reasonable suspicion where only factor was that the officer followed and observed defendant "swerving within his lane").

But even if the conclusory opinions and the factors unsupported by the record were considered, they do not comprise reasonable suspicion. For example, in *White v. State*, there was insufficient reasonable suspicion for a driving while intoxicated traffic stop when the defendant was seen a quarter mile from a bar at 1:22 a.m., traveling below speed limit, "drifting within his lane," and making a series of sudden lane changes while signaling. No. 2-07-234-CR, 2008 WL 1867139, at *3 (Tex. App.—Fort Worth, Apr. 24, 2008, pet. ref'd). This case contains similar facts.

In another case, the Second Court of Appeals found no reasonable suspicion for a driving while intoxicated stop though there were many more factors than in this case. *State v. Palmer*, No. 2-03-526-CR, 2005 WL 555281, at *2-3 (Tex. App.—Fort Worth, Mar. 10, 2005, pet. dismissed). There, the defendant was observed: (1) in early morning hours, near local bars; (2) driving five miles per hour below the speed limit; (3) driving in an entrance ramp lane; (4) signaling his

9

intention to turn right when there was nowhere to turn; (5) applying his brakes in a sudden and unsafe manner; (6) swerving over lane markers; (7) driving partially into the right-turn-only lane before rolling into the go-straight lane; and (8) hesitating before proceeding through a green light. *Id*.

Finally, in a case before the Fifth Court of Appeals, there were insufficient facts for reasonable suspicion where a concerned citizen called the police to report drunk driving, the defendant was driving 10 to 15 miles-per-hour under the speed limit, and the defendant made an evasive maneuver that could have been an attempt to avoid the officer. *Waller v. State*, No. 05-09-00097-CR, 2009 WL 4642850, at \*1, 5 (Tex. App.—Dallas, Dec. 9, 2009).

Murrell's driving was less suspicious than each of these cases. Thus, even if the trial court's unjustified findings are considered, this stop lacked reasonable suspicion.

**CONCLUSION**

Most of the trial court's reasons for denying Murrell's motion to suppress were based on conclusory facts or facts unsupported by the record. When those reasons are excised, the only basis for the stop is Murrell's lawful lane changes while signaling, which is insufficient.

However, even if all of the facts are considered, there was still not sufficient reasonable suspicion for the stop.

This Court should reverse the trial court's ruling denying Murrell's motion to suppress evidence, vacate the judgment of conviction, and remand this case to the trial court.

Respectfully submitted,

COGDELL LAW FIRM, PLLC

/s/ Dennis Hester
J. Dennis Hester
State Bar No. 24065415

/s/ Cordt Akers
Cordt C. Akers
State Bar No. 24080122

402 Main St., 4th Floor
Houston, Texas 77002
(713) 426-2244
(713) 426-2255 (Fax)
dennis@cogdell-law.com
cordt@cogdell-law.com

*Attorneys for the Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2015, a true and correct copy of the foregoing Reply Brief was served upon Kimberly Stelter, the Assistant District Attorney assigned to this case from the Harris County District Attorney's Office via electronic mail to stelter_kimberly@dao.hctx.net.

/s/ Dennis Hester

**CERTIFICATE OF COMPLIANCE**

I certify, in accordance with TEX. R. APP. PRO. 9.4(i), that this Reply Brief contains 2,089 words excluding caption, signatures, proof of service, and certificate of compliance.

/s/ Dennis Hester